FILED
U.S. DISTRICT COURT
**IN THE UNITED STATES DISTRICT COURT**CT OF MARYLAND
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*          2016 SEP 16  A 11: 01

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

| | |
|---|---|
| **CHRISTOPHER CARTER,** | * |
| **Plaintiff,** | * |
| **v.** | * |
| | * |
| **LAKESIDE REO VENTURES, LLC, ET AL.,** | |
| | * |
| **Defendants.** | |
| | * |

**Case No.: GJH-8:16-cv-02917**

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Presently pending before the Court is Plaintiff Christopher Carter's ex parte "2nd Emergency Motion for Temporary Restraining Order," filed against Lakeside Reo Ventures, LLC and Woods Cove III, LLC (collectively, "Defendants"). ECF No. 6. A hearing is unnecessary. Loc. R. 105.6 (D. Md.). For the reasons discussed below, Carter's Motion for a Temporary Restraining Order is denied, and this case is dismissed for lack of subject-matter jurisdiction.

**I.      BACKGROUND**

According to the Complaint, Christopher Carter, along with his brother, Nathan Carter, bought the property located at 7208 Hawthorne Street, Landover, Maryland 20785 ("the Property") in June 2006. ECF No. 1 ¶ 6. The Director of Finance and Collector of State and City Taxes for Prince George's County and the State of Maryland sold the Property on May 12, 2014 for real property taxes due and issued a Certificate of Tax Sale to Woods Cove III, LLC. *Id.* ¶ 7. A year later, on May 29, 2015, Defendants filed a complaint to foreclose Carter's right of

redemption in the Circuit Court for Prince George's County (the "State Court"), and a notice of eviction was placed on the Property. *Id.* ¶ 8.

On October 13, 2015, Judge Mittelstaedt of the Circuit Court for Prince George's County "ordered that judgment be and is hereby entered in favor of the Plaintiff [Lakeside Reo Ventures, LLC and Wood Cove III, LLC], foreclosing the right of redemption in the property described as 7208 Hawthorni [sic] St., Landover, MD 20785." ECF No. 6-2 at 11.[1] On May 26, 2016, the State Court instructed the Prince George's County Sheriff that "[p]ossession is to be awarded to Plaintiff, REO Ventures, LLC, and any and all occupants and belongings are to be Evicted from the property located at 7208 Hawthorne Street, Landover, MD 20785." *Id.*

On August 31, 2016, Carter filed an Emergency Motion for a Temporary Restraining Order with this Court. ECF No. 4. The Court denied Plaintiff's Motion due to his failure to comply with Fed. R. Civ. P. 65(b)(1), which governs the issuance of *ex parte* temporary restraining orders. *See* Fed. R. Civ. P. 65(b)(1); ECF No. 5. The Rule provides that the Court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: . . . (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *Id.* Mr. Carter had not certified in writing any efforts made to give notice to the Defendants and the reasons why notice should not be required. *See TFFI Corp. v. Williams*, No. 13-01809, 2013 WL 6145548, at \*3 (D. Md. Nov. 20, 2013) (denying *ex parte* temporary restraining order for failure to comply with the procedural requirements of Fed. R. Civ. P. 65(b)(1)).

After the denial of his first Motion, Carter re-filed his Motion on September 14, 2016, certifying that he "provided Defendants counsel with actual notice of the instant filing, and have

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

forwarded to Defendants counsel all pleadings and papers." ECF No. 6 at 1. In his Motion and

Memorandum in Support, Plaintiff raises concerns with the proceedings in State Court. ECF No.

6; ECF No. 6-1. Specifically, Plaintiff alleges that Defendants "have never served Plaintiff with

process of its action regarding redemption of the property . . ." and Defendants' Tax Purchase

Complaint "should be dismissed for insufficient service of process." *Id.*

## II.    STANDARD OF REVIEW

The grant of a temporary restraining order or a preliminary injunction is an

"extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

entitled to such relief." *Dewhurst v. Cnty. Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011)

(quoting *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008)) (internal

quotation marks omitted). Plaintiff must meet four requirements before being granted a

temporary restraining order:

> (1) there is a likelihood of success on the merits; (2) there is a likelihood the
> movant will suffer irreparable harm in the absence of preliminary relief; (3) the
> balance of equities tips in movant's favor; and (4) the injunction is in the public
> interest.

*The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009)

(citing *Winter*, 555 U.S. at 20).

The Court must determine subject matter jurisdiction before considering the merits of the

case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). "Without

jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law,

and when it ceases to exist, the only function remaining to the court is that of announcing the fact

and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)

(quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). At this stage, all well-pleaded factual

3

allegations must be considered true and construed in the light most favorable to the plaintiff. *See*

*Harrison v. Westinghouse Savannah River, Co.*, 176 F.3d 776, 783 (4th Cir. 1999).

## III.    ANALYSIS

Simply put, "federal courts lack subject matter jurisdiction to sit in appellate review of

judicial determinations made in state courts." *Sanders v. Cohn, Goldberg, & Deutsch, LLC*, Civil

Action No. DKC 15-1571, 2016 WL 223040, at *4 (D. Md. Jan. 19, 2016). This principle is

known as the "*Rooker-Feldman* doctrine." *Id.*; *see District of Columbia Court of Appeals v.*

*Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "Jurisdiction

to review such state court decisions lies exclusively with superior state courts, and ultimately, the

United States Supreme Court." *Plyer v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). The *Rooker-*

*Feldman* doctrine bars federal district courts from hearing "cases brought by state-court losers

complaining of injuries caused by state court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments."

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine prevents

lower federal courts not only from reviewing such judgments, but also reviewing issues that are

"inextricably intertwined" with those judgments.

"Courts have consistently applied the *Rooker-Feldman* doctrine to dismiss claims

requesting federal district court review of a state court's eviction and foreclosure proceedings."

*Sanders*, 2016 WL 223040, at *4 (citing *Nott v. Bunson*, No. WMN-09-2613, 2009 WL

3271285, at *2 (D. Md. Oct. 9, 2009)). *Rooker-Feldman* is not a "discretionary" jurisdictional

doctrine; "a litigant may not circumvent these jurisdictional mandates by instituting a federal

action which, although not styled as an appeal, amounts to nothing more than an attempt to seek

4

review of the state court's decision by a lower federal court." *Id.* at *5 (quoting *Am. Reliable Ins. Co. v, Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003)).

In the instant case, Plaintiff argues that Defendants' Complaint to Foreclose Right of Redemption, filed in State Court, should be dismissed because "Defendants failed to serve Christopher Carter" with notice of the complaint. ECF No. 6 at 2–3; ECF No. 6-2. However, "adjudication of these issues necessarily involves review of the state court proceedings and a determination of whether those proceedings were proper." *Sanders*, 2016 WL 223040, at *5. The *Sanders* case is instructive. There, plaintiffs brought suit against defendants for "illegal eviction" premised on the argument that plaintiffs did not receive proper notice during the foreclosure action. *Id.* This Court found that it had "no authority to consider allegations and claims relating to the propriety of that sale." *Id.* at *6. Likewise here, the Court finds that it has no authority to adjudicate whether service of process was proper in the State Court proceeding.

## VI.    CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's 2nd Motion for a Temporary Restraining Order, ECF No. 6, is DENIED and this case is dismissed for lack of subject-matter jurisdiction. A separate Order shall issue.

Date: September 16, 2016

George J. Hazel
United States District Judge

5